**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIANDRO SENA

      Plaintiff,

      v.                             No. 1:25-cv-00728-SMD-GBW

DAVID KOWALSKI, and
PACIFIC OFFICE AUTOMATION, INC.,

      Defendants.

## MEMORANDUM ORDER

      THIS MATTER is before the Court on Plaintiff's Motion to Remand, Doc. 5 ("Mot. to Remand"), filed August 4, 2025.  Defendant Pacific Office Automation, Inc. ("Pacific") filed its response on August 25, 2025.  Doc. 11 ("Def.'s Resp.").  Plaintiff filed his reply on September 12, 2025.  Doc. 17 ("Pl.'s Reply").  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Motion is **GRANTED**.

## BACKGROUND

      The following recitation of events is based on Plaintiff's amended complaint, Doc. 1-2 ("Am. Compl."), the motion to remand, and Defendants' notice of removal (Doc. 1).

      On February 17, 2022, Defendant David Kowalski allegedly struck the rear of Plaintiff Diandro Sena's vehicle in Albuquerque, New Mexico, while distracted by his cell phone.  Am. Compl. ¶¶ 7, 11.  Following the impact, Plaintiff was transported by ambulance to Presbyterian Hospital.  *Id.* ¶ 13.

      On October 11, 2024, Plaintiff Sena filed the original complaint in the Second Juridical District Court of the State of New Mexico, alleging that Kowalski was a resident of New Mexico.  Mot. to Remand at 1, 2.  In his answer, Kowalski denied the allegations regarding his residency,

stating he lacked sufficient knowledge to respond. *Id.* To establish Kowalski's residency at the time of filing, Plaintiff cites a 2022 police report listing Kowalski's Albuquerque address and his New Mexico driver's license issued in May 2023. *Id.* In a March 2025 interrogatory answer, Kowalski provided a North Carolina office address but stated that, prior to the filing of the amended complaint and the removal, he was "in the process of moving" and did not have a residential address. *Id.*; *see* Def.'s Resp. at 7.

On June 25, 2025, Plaintiff filed an amended complaint that added Pacific, Kowalski's employer, as a party defendant. The amended complaint alleged that Pacific is vicariously liable for Kowalski's negligence because Kowalski was acting within the course and scope of his employment with Pacific at the time of the accident. Am. Compl. ¶ 18; Mot. to Remand at 2.

Pacific subsequently removed the case to federal court, asserting diversity jurisdiction. *See* Doc. 1. The notice of removal asserts that complete diversity exists because, at the time of the removal, Pacific was a citizen of Oregon, Kowalski was a citizen of North Carolina, and Plaintiff was a citizen of New Mexico. *See id.* ¶¶ 14–19.

Pacific alleges that Kowalski was a citizen of North Carolina both when the amended complaint was filed in June 2025 and when the case was removed in July 2025. *Id.* ¶ 15. However, Pacific does not dispute that Kowalski remained a New Mexico resident at the time the original complaint was filed.

Plaintiff files the present motion to remand, contending that complete diversity must exist both at the time the initial complaint was filed and at the time of removal. *See* Mot. to Remand at 3. Pacific objects, arguing that the Court should instead assess citizenship only at the time of the removal and at the time the amended complaint was filed adding Pacific as a party. Def.'s Resp. at 1.

**LEGAL STANDARD**

To establish diversity jurisdiction, the defendant must show that there is "complete diversity of citizenship" between all adverse parties. *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). For diversity jurisdiction purposes, a person's domicile determines citizenship. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Courts have adhered to this time-of-filing rule "regardless of the costs it imposes." *Id.*

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Once diversity of citizenship is challenged, the burden is on the defendant as the party invoking federal jurisdiction to show that it exists. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994). The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

**DISCUSSION**

The Court must first identify the relevant timeframe for complete diversity. Although it is well established that "the jurisdiction of the court depends upon the state of things at the time of the action brought," there is "a lingering question with respect to removed cases regarding whether diversity must exist at the time of the state court filing or only upon removal." *See Grupo Dataflux*,

541 U.S. at 570; *see also Elling v. Mesa Biotech, Inc.*, No. 1:19-CV-00547-LF-SCY, 2019 WL 5168616, at *3 n.4 (D.N.M. Oct. 15, 2019).

Defendant Pacific contends that because it was joined via an amended complaint rather than the initial filing, the Court should evaluate citizenship at the time of that amended complaint and the subsequent notice of removal. Def.'s Resp. at 1. Plaintiff, on the other hand, invokes the "time-of-filing rule," arguing that diversity must be assessed based on the "state of facts" existing when the initial state court complaint was filed. Pl.'s Reply at 1.

Determining diversity of citizenship in this matter therefore requires examining three critical time points: (1) the filing of the original state complaint, where Defendants offer no evidence to rebut Kowalski's New Mexico citizenship; (2) the filing of the amended state complaint, when Kowalski was a North Carolina citizen; and (3) the time of removal to federal court, when Kowalski remained a North Carolina citizen.

Under Plaintiff's interpretation, the time-of-filing rule "set[s] citizenship in stone" at a specific point in time, unaffected by subsequent events such as a defendant's change of domicile. *Id.* at 4. The Court agrees with Plaintiff: in this case, diversity should be determined by the facts existing at the time the original state complaint was filed and at the time of removal.

I.    The Original State Court Filing Governs the Diversity Inquiry in This Action

This exact inquiry, regarding the "critical time point" for determining diversity jurisdiction, is the subject of a federal court split. 13E *Wright & Miller's Federal Practice & Procedure* § 3608 (3d ed. 2014).

The *Federal Practice and Procedure* treatise notes that most courts require complete diversity only at the time the removal petition is filed, though a "large minority of courts require complete diversity not only when removal is sought, but also when the original action is filed in

the state court." *Id*. However, a majority of seven circuit courts now require diversity to exist both at the initial filing and upon removal. *See Pacheco v. Allen*, No. 20-CV-0146 SMV/JHR, 2020 WL 2541960, at *3 (D.N.M. May 19, 2020) (citing *Chapman v. Crane Co.*, 694 F. App'x 825, 828 (2d Cir. 2017); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996); *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776–77 (7th Cir. 1986)).

While the Tenth Circuit has not squarely addressed this split, it concluded in *Siloam Springs Hotel*, without further discussion, that "it is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015); *see also Elling*, 2019 WL 5168616, at *3.

For the instant motion, the Court finds the majority circuit approach particularly persuasive under the specific circumstances of this case, a view consistent with the Tenth Circuit's conclusion in *Siloam Springs Hotel*. The application of the time-of-filing rule here follows both logic and the statutory requirements for removal. "Under 28 U.S.C. § 1441(a), a defendant may remove the action to federal court if the federal court has original jurisdiction over the action. In other words, removal is reserved for those cases 'that originally could have been filed in federal court.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005). To determine whether this case "could have been filed" in federal court, the Court must analyze the record as it existed when Plaintiff filed the initial complaint. *Caterpillar Inc.*, 482 U.S. at 392; *see also Pacheco*, 2020 WL 2541960, at *3.

Adopting the time-of-filing rule, the Court recognizes that once an action commences with the filing of the initial complaint, a party's subsequent change of domicile does not affect the presence or absence of diversity jurisdiction. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957). While the Court acknowledges the aforementioned federal court split regarding the "critical time point" for this inquiry, it finds that jurisdiction "once attached, is not impaired by a party's later change of domicile." *Id.* As Chief Justice Marshall explained, jurisdiction "depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." *Id.* (citing *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *see also Sperling*, 354 U.S. at 93; *Galu v. Attias*, 923 F. Supp. 590, 595 (S.D.N.Y. 1996).

The Supreme Court reaffirmed this principle in *Grupo Dataflux*, holding that if diversity did not exist when an action commenced, it cannot be created by a party's later change of domicile. *See* 13E *Wright & Miller's Federal Practice & Procedure* § 3608 (3d ed. 2014) ("[T]he courts generally are in agreement that [diversity] cannot be created by a later change of domicile by one of the parties or some other potentially diversity-creating event."). By the same logic, if a later change of domicile cannot create diversity, such a change should not destroy it. *See Grupo Dataflux*, 541 U.S. at 575 (noting that the Supreme Court has never held that "a party's post-filing change of citizenship can cure a time-of-filing jurisdictional defect").

Without resolving the broader split, the Court concludes that, in this case, diversity is best assessed at the time the action was filed in state court. Crucially, the addition of Defendant Pacific is not what affects complete diversity here. Instead, Defendant Kowalski, who was named in the original complaint, changed his domicile after the case commenced. Allowing this change of domicile to create diversity is inconsistent with the fundamental removal inquiry: whether the complaint, as filed in state court, could have originally been brought in federal court.

Case law often warns against the potential for jurisdictional manipulation. A bulk of precedent concludes that the motive behind changing one's domicile *before* a suit commences is immaterial, provided complete diversity exists at the time of filing. That conclusion changes, however, if the change of domicile occurs *after* the suit has already begun. While the Court does not imply that Mr. Kowalski relocated for the purpose of creating diversity, permitting a change of domicile by an existing party to create diversity jurisdiction would expand federal access beyond what the removal statute envisions.

Defendant Pacific also argues that Plaintiff's voluntary act of amending the complaint to add a new party triggered removal under the exception detailed in the Tenth Circuit ruling in *DeBry*.[1] Def.'s Resp. at 5. Pacific correctly notes that a plaintiff is the master of the complaint. *See id.* For example, a plaintiff's decision to add or dismiss federal claims dictates the Court's jurisdiction over a case. However, in this instance, the claims and allegations against the original Defendant Kowalski remain substantively identical between the initial and amended complaints. *See* Doc. 1-3. The only substantive difference in the amended complaint is the addition of Defendant Pacific and the assertion of a vicarious liability claim against it. *See* Am. Compl. ¶¶ 17–19.

---

[1] Defendant Pacific cites several cases for the proposition that complete diversity should be assessed only at the time of removal. *See* Def.'s Resp. at 2–5 (citing *Blanda v. Cisar*, No. CV-21-01185-PHX-JAT, 2021 WL 4305917, at *1 (D. Ariz. Sept. 22, 2021); *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966); *Drevaleva v. Alameda Health Sys.*, No. 22-CV-01585-EMC, 2022 WL 2644086 (N.D. Cal. July 7, 2022), *aff'd*, No. 22-16150, 2023 WL 2584258 (9th Cir. Mar. 21, 2023)). The Court focuses its detailed analysis on the controlling authority in *Debry*, but it finds Defendant's other citations largely distinguishable.

     With the sole exception of *Blanda*, none of the cited authorities supports the proposition that a defendant may alter a case's removal status by changing domicile after the litigation has already commenced. *Blanda* assessed diversity at the time of removal and remanded the case because the defendants failed to establish that the parties were diverse at the time of removal. This Court's analysis and methodology, which requires that diversity exist both at the time of the initial filing and at the time of removal, reaches the same result as *Blanda*. Furthermore, *Blanda* rejected the bifurcated approach that Pacific advocates for, in which the citizenship of later-added defendants is assessed separately at the time they are brought into the case. Though the Court acknowledges the split among authorities on this point, the specific circumstances of this case compel the application of the time-of-filing rule and require remand.

This scenario also does not trigger the *Debry* exception, which allows removal when a plaintiff's voluntary act creates a basis for removal that did not previously exist. *See DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir. 1979). In *Debry*, removal was proper because the plaintiff's second amended complaint revealed a voluntary change in the plaintiff's own domicile. *Id.* Because the defendant "had nothing to do with creating the condition that gave rise to the removal" and because "[i]t was the plaintiff's act which gave rise to the removal," the court held that the plaintiff's voluntary act rendered the case removable. *Id.*

Defendant Pacific argues that Plaintiff's qualifying voluntary act in this case is the filing of an amended complaint. However, the "voluntary act" that *Debry* refers to is not the filing of an amended complaint, but the plaintiff's change of domicile. *Debry*, 601 F.2d at 486–87. As *Debry* specified, the voluntary act must "effect[] a change rendering a case subject to removal which had not been removable before the change." *Id.* at 487. Filing an amended complaint does not in itself create diversity; a change in domicile does.

This instant case presents the opposite factual scenario. Plaintiff had nothing to do with creating the condition that allegedly triggered this removal—Defendant Kowalski's change of domicile. It was Kowalski's own act of moving that serves as the basis for removal, not any voluntary act by the Plaintiff. A voluntary act on the part of Plaintiff would instead involve, for example, the voluntary dismissal of the non-diverse defendant Kowalski and retention of the diverse defendant Pacific in the suit. *See id.* at 487.

Pacific argues that from a policy perspective, it is more reasonable to determine diversity both at the time of removal and at the filing of the amended complaint, especially since Pacific was not a party to the original complaint. *See* Def.'s Resp. at 4. Even if this argument had merit, it would only apply where the joinder of a new defendant creates or destroys diversity. Here,

8

Pacific's addition has no such effect.  Because Defendants fail to establish that Kowalski was diverse from Plaintiff at the commencement of the action, the case cannot be properly removed regardless of whether Pacific is diverse.  It is illogical to suggest that an original defendant's citizenship "refreshes" or "resets" with the amended complaint.  Determining citizenship at the time of the amendment rather than the initial filing is not only arbitrary but also invites jurisdictional manipulation by defendants.

This conclusion is further affirmed by the Supreme Court's unanimous decision in *Royal Canin*, which revisited the time-of-filing rule in diversity cases.  *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36 (2025).  The Court specifically addressed whether an amended complaint "supersedes" the original for purposes of federal jurisdiction.  *Id.* at 23.  Citing *Rockwell*, the Court noted that as the "master of the lawsuit," a plaintiff who initially files federal claims but later "scraps" them can divest a federal court of jurisdiction over the remaining state-law suit.  *Id.* at 36, 38 n.8.

In a footnote to this analysis, however, the Supreme Court emphasized that the *Rockwell* rule, which looks to the operative pleading, differs from how the time-of-filing rule works in diversity cases.  *Id.* at 36 n.5.  In diversity cases, the Supreme Court explained, the time-of-filing rule "evaluates a party's citizenship (e.g., whether the defendant is in fact from New York) at the time a suit is brought, and never again later."  *Id.* (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007)).

As *Rockwell* clarified, this rule concerns only the actual "state of things" relevant to jurisdiction, the objective facts on the ground, rather than the specific claims or parties the plaintiff chooses to include in a complaint.  *See Royal Canin*, 604 U.S at 36 n.5.  The distinction seems to

9

rest on the principle that while plaintiffs control their selection of claims and parties, they cannot alter the objective "state of things," such as a party's actual domicile at the time of filing.

As the removing party, the defendant bears the burden of proving all jurisdictional facts and establishing a right to removal. *See Dyer*, 19 F.3d at 518. In this case, Defendants never attempted to prove that Kowalski was diverse from Plaintiff at the time the original state court complaint was filed in October 2024. Instead, Defendants addressed diversity only as of the date of the amended complaint and the subsequent removal. *See* Def.'s Resp. at 6–7. Following the legal analysis set forth above, the Court evaluates complete diversity at two critical points: the initial state court filing and the subsequent removal to federal court. Because Defendant Pacific failed to show that complete diversity existed when this action first initiated in state court, Defendant has not met this burden. Consequently, removal is improper, and the Court remands this case to the Second Judicial District Court of the State of New Mexico.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** as described above.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

10